**In re David GRUDOSKI dba "Dimitri's Deli", Debtor.**

**MAGOON ESTATE, LTD., a Hawaii corporation, Plaintiff,**

**v.**

**David GRUDOSKI dba "Dimitri's Deli", Defendant.**

**Bankruptcy Nos. 82–00716, 82–0257.**

United States Bankruptcy Court, D. Hawaii.

May 9, 1983.

Erik Zen, Honolulu, Hawaii, for trustee.

Gerald Fujita, Honolulu, Hawaii, for debtor.

William Meheula, Honolulu, Hawaii, for plaintiff.

ORDER CONCERNING COMPLAINT TO LIFT STAY AND APPLICATION FOR ORDER AUTHORIZING AND CONFIRMING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS

JON J. CHINEN, Bankruptcy Judge.

On April 20, 1983, a final hearing in the above case was held regarding two matters:

(1) the Complaint to Lift Stay and (2) the Application for Order Authorizing and Confirming Sale of Real Property Free and Clear of Liens. The Court, being apprised of the record and having considered the oral and written arguments of the parties, makes the following ruling:

The trustee for debtor has entered into a DROA with Kansuke Corporation, (hereafter "Kansuke"), for the sale of personal properties located at the former site of Dimitri's Deli in the Kuhio Project in Waikiki. As a result, the trustee has assumed the existing lease with landlord Magoon Estate, (hereafter "Magoon"), and now seeks the consent of Magoon to assign the lease to Kansuke.

Magoon has refused consent to the assignment on two grounds:

1. That under the lease the premises are to be used as a delicatessen serving certain types of sandwiches. Kansuke proposes to use the premises for a Japanese restaurant, including a sushi bar and take-out order.

2. That Kansuke has failed to provide a personal financial statement and guarantee of an officer of the corporation as requested by Magoon, and that the July 31, 1982 financial statement of the corporation does not guarantee adequate assurance of future performance by Kansuke.

The question before this Court is whether or not Magoon is unreasonably withholding its consent to the proposed assignment to Kansuke on either or both of the alleged grounds.

Only two witnesses testified. One was a real estate broker who represented Kansuke in making the offer, and the other was a former consultant of Magoon.

Based on the evidence, the Court finds that the Kuhio Project is not a shopping center, as the term is used in the Bankruptcy Code. There was evidence that the Kuhio Project contained a pizza shop, a record shop, a young ladies' shop, coffee shop, men's clothing store, and an ABC Drug Store.

In the case of the matter of *UL Radio Corporation,* 19 B.R. 537 (Bkrtcy.1982), concerning a building containing a liquor store, a grocery store, a restaurant and a radio shop, the Court held that this was not a shopping center.

In that case, the Court allowed the change in use from a radio or television shop to a small bistro. The Court stated: "Section 365 expresses a clear congressional policy favoring assumption and assignment. To prevent an assignment of an unexpired lease by demanding strict enforcement of a use clause will thereby contradict clear congressional policy. A landlord or lessor must show that actual and substantial detriment would be incurred by him if the deviation in use was permitted."

██ In the instant case, Magoon has failed to show, that any actual and substantial detriment would be incurred by the change in use from a delicatessen to a Japanese restaurant and sushi bar. Thus, the Court feels that refusal to consent to the altered use is unreasonable.

As to the future performance of Kansuke, Magoon seeks assurance that Kansuke can and will satisfy the financial obligation of the lease. Magoon seeks to avoid an assignment which may result in protracted litigation to collect rent.

Prior to entering the DROA with the Trustee, Kansuke had on two occasions applied for a lease for the premises with Magoon. On both occasions, Kansuke submitted to Magoon a July 31, 1982 financial statement identical to that in the Court's file. Magoon had on both occasions requested a personal guarantee by an officer of Kansuke, and to that end had requested a personal financial statement. Upon Kansuke's failure to provide the personal financial statement, the two previous offers were not considered.

Kansuke is a Hawaii corporation controlled by a parent corporation in Japan. The Court does not know the organizational setup of Kansuke, its Hawaii track records, or information concerning the officers and directors.

The July 31, 1982 financial statement is not acceptable. A more recent statement

should have been submitted. In addition, the statement reveals that, if the officer who made the loan to Kansuke refuses to treat the loan as a capital contribution or refuses to subordinate his claim, a default by Kansuke would result in protracted litigation. This is what Magoon wishes to avoid.

In the *UL Radio Corporation* case, the Court found adequate assurance of future performance in the personal guarantee of the president of that corporation. Herein, Kansuke has not provided this guarantee.

■ The Court finds in the instant case that Magoon is not unreasonably withholding its consent because Kansuke has failed to provide an adequate financial statement and a financial guarantee by a responsible officer. Therefore, the Court will not require Magoon to consent to the assignment of the lease.

■ The stay will be automatically lifted on April 29, 1983 at 4:30 p.m. to permit Magoon Estate to take possession of the premises unless Kansuke provides Magoon Estate with a personal guarantor who has a financial statement which provides adequate assurance of his ability to guarantee Kansuke's obligations under the lease assignment.